SANDI M. COLABIANCHI (SBN 193872)
scolabianchi@grsm.com
MIGUEL A. SALDAÑA (SBN 299960)
masaldana@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone:     (415) 986-5900
Facsimile:     (415) 986-8054

Attorneys for Plaintiff Barry Milgrom,
Chapter 7 Trustee in Bankruptcy

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE SEATEQ CORPORATION,<br><br>Debtor.<br>_____<br><br>BARRY MILGROM, Trustee in Bankruptcy,<br><br>Plaintiff,<br><br>vs.<br><br>BJORN ERVELL; DIANE ERVIN aka DIANE ERVELL; HANS FREDRIK ERVELL; JUTTA ERVELL; GOTLAND STORAGE MANAGEMENT, INC.; E.L. PARTNERS LLC,<br><br>Defendants.<br>_____ | CASE NO. 17-30697 HLB<br>Chapter 7<br><br>Adversary Proceeding No. _____<br><br>**COMPLAINT FOR:**<br>**(1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS;**<br>**(2) AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFERS; OR, IN THE ALTERNATIVE,**<br>**(3) AVOIDANCE AND RECOVERY OF ACTUAL FRAUDULENT TRANSFERS**<br><br>[11 U.S.C. §§ 544, 547, 548, 550, 551; Cal. Civ. Code § 3439.04] |

Plaintiff Barry Milgrom, Trustee in bankruptcy ("Plaintiff" or "Trustee") of the

bankruptcy estate of Seateq Corporation ("Debtor"), alleges as follows:

### Jurisdiction and Venue

1.     This Court has jurisdiction over this Adversary Proceeding under 28 U.S.C. §§

151, 157(b) and 1334 and Rule 5011-1 of the Bankruptcy Local Rules for the Northern District

of California.

2.     This Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A), (E), (F), (H), (K), and (O).

3.      Plaintiff consents to entry of a final judgment by the Bankruptcy Court.

4.      Venue is proper under 28 U.S.C. § 1409 by virtue of this bankruptcy case pending before the United States Bankruptcy Court for the Northern District of California.

5.      This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, Sections 547, 548, and 550 of the Bankruptcy Code, and Section 3439.04 of the California Code of Civil Procedure.

**The Parties and Case Background**

6.      On July 20, 2017, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code ("Petition Date").

7.      On October 24, 2017, an order was entered converting the Chapter 11 case to Chapter 7 of the Bankruptcy Code, and Barry Milgrom was thereafter appointed as the Chapter 7 Trustee ("Trustee").

8.      Defendant Bjorn Ervell ("Bjorn") is an individual and resident of the state of California.  Bjorn served as the Chief Executive Officer of the Debtor on the Petition Date and was previously the Chief Financial Officer from approximately 2002 until October 21, 2016. Bjorn was also the 100% equity owner of the Debtor on the Petition Date.

9.      Defendant Diane Ervin aka Diane Ervell ("Diane") is an individual and resident of the state of California.  Diane is Bjorn's spouse and was Bjorn's spouse at the time of the transfers described below.

10.     Defendant Hans Fredrik Ervell ("Fredrik") is an individual and resident of the state of California.  Fredrik is Bjorn's son and served as the Debtor's Chief Executive Officer from approximately 2009 until October 1, 2016.

11.     Defendant Jutta Ervell ("Jutta," together with Fredrik, Bjorn, Diane, and Gotland Storage Management, Inc., the "Defendants") is an individual and resident of the state of California.  Jutta is Fredrik's spouse and was Fredrik's spouse at the time of the transfers described below.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

12. Defendant Gotland Storage Management, Inc. is a California corporation, was formerly known as Zipcubes Storage Corp., a California corporation.

13. Defendant E.L. Partners LLC is a California corporation.

14. Prior to filing the petition, the Debtor was in the business of selling and leasing shipping containers.

**Debtor's Insolvency and Fraudulent Scheme**

15. In 2013, the Debtor began selling leased containers without declaring them as purchased from the supplier and did not pay the purchase price for such containers.

16. The Debtor was insolvent since at least 2013 as it could not make the payments due to the container suppliers and/or pay its debts as they became due.

17. The Debtor's profit/loss statements provide that the Debtor was operating at a negative income since 2013, with yearly losses as follows: $-218,691.94 in 2013; $-354,290.21 in 2014; $-737,768.64 in 2015; and $-2,565,365.36 in 2016.

18. Bjorn was actively involved in the management of the Debtor from 2013 through 2017 and made the decisions to sell leased containers without declaring them as purchased to the supplier and without paying the purchase price for such containers.

19. Fredrik was actively involved in the management of the Debtor from 2013 through 2016 and made the decisions to sell leased containers without declaring them as purchased to the supplier and without paying the purchase price for such containers.

**The Loan Repayments**

20. Within one year prior to the Petition Date, Bjorn received payments for purported loans made to the Debtor in the total amount of $19,457.69 ("Bjorn's Repayment"). A table listing each of the payments that consist of Bjorn's Repayment, and other payments received by Bjorn, as detailed below, is attached as **Exhibit A.**

21. Within one year prior to the Petition Date, on or about August 23, 2016, Fredrik and/or Jutta received a payment for a purported loan made to the Debtor in the total amount of $35,000 ("Fredrik's Repayment"). A table listing the payments that consist of Fredrik's Repayment, and other payments received by Fredrik and Jutta, is attached as **Exhibit B.**

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

22.     Within one year prior to the Petition Date, according to the Debtor's Statement of Financial Affairs [Dkt. 30], Diane received payments for an inventory promissory note totaling $26,346.26, and interest only note payments totaling $6,643.76 (collectively "Diane's Repayment", collectively with Bjorn's Repayment and Fredrik's Repayment, "Loan Repayments").

**The Salary Payments**

23.     Bjorn received salary payments from the Debtor for the years 2014 through 2017 in the following amounts: $127,200 in 2014; $127,200 in 2015; $127,200 in 2016; and $68,900 in 2017.  The total salary payments made to Bjorn for the years 2014 through 2017 were $450,500 ("Bjorn's Salary").  A table listing each of the payments that consist of Bjorn's Salary, and other payments received by Bjorn, as detailed below and above, is attached as **Exhibit A.**

24.     Fredrik received salary payments from the Debtor for the years 2014 through 2016 in the following amounts: $127,200 in 2014; $127,200 in 2015; and $127,200 in 2016.  The total salary payments to Fredrik for the one year prior to the filing of the Debtor's petition were $58,300.  The total salary payments made to Fredrik for the years 2014 through 2016 were $381,600 ("Fredrik's Salary," together with Bjorn's Salary, "Salary Payments").  A table listing each of the payments that consist of Fredrik's Salary, and other payments received by Fredrik, as detailed below and above, is attached as **Exhibit B.**

25.     The Salary Payments were made pursuant to debt owed by the Debtor to Bjorn and Fredrik for services performed under their respective employment agreement.

**Gotland Storage (fka Zipcubes) and E.L. Partners Payments**

26.     Zipcubes Storage Corp. ("Zipcubes") was formed on or about February 14, 2007 as a California Corporation.

27.     As indicated in the Statement of Information filed with the California Secretary of State on September 16, 2016, the Chief Executive Officer of Zipcubes was Carl Alexander Ervell ("Carl"), the Secretary of Zipcubes was Fredrik and the Chief Financial Officer was Bjorn.  The Directors were Carl, Fredrik and Bjorn and the type of business was self storage.

28.     Carl is the brother of Fredrik and son of Bjorn.

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

29.     On December 27, 2016, Bjorn filed a Statement of Information with the Secretary of State indicating that he was the Chief Executive Officer, Secretary and Chief Financial Officer, and the Director of Zipcubes.  The business address for Zipcubes is listed as 1619 Whipple Rd., Suite B, Hayward CA 94544.

30.     On January 3, 2017, Fredrik and Carl filed a Certificate of Amendment to Articles of Incorporation to change the name of Zipcubes to Gotland Storage Management, Inc. ("Gotland").  The Certificate of Amendment was signed on December 29, 2016 by Fredrik as President and Carl as Secretary.

31.     On April 16, 2017, Bjorn filed a Certificate of Dissolution with the Secretary of State for Zipcubes.

32.     On July 23, 2018, Gotland filed a Statement of Information indicating that the Chief Executive Officer and Chief Financial Officer of Gotland was Fredrik and the Secretary was Carl.  Fredrik is listed as the Director.

33.     Fredrik and Carl each hold a 50% equity interest in Gotland.

34.     E.L. Partners, LLC ("E.L. Partners") was formed on or about October 6, 2015 as a California limited liability company.  Its address is the same as the Debtor on One Avenue Palms, #311, Treasure Island, San Francisco, California.

35.     The Managers or Members of E.L. Partners, LLC consist of Gotland and International Maritime Leasing, LLC.  Fredrik is the Chief Operating Officer of E.L. Partners and is the current Agent for Service of Process.

36.     The Debtor made bridge financing loans to Zipcubes, which is now Gotland, between July 9, 2014 and July 18, 2016 totaling $209,000 (the "Gotland Transfers").

37.     The Debtor made a bridge financing loan to E.L. Partners in the amount of $51,000 on or about May 5, 2016 ("E.L. Partners Transfers").

38.     On or about December 31, 2015, the Debtor made a "year-end adjustment" in which it reclassified on its financial records its investments and loans to ZipCubes (now known as Gotland) with a balance of $1,402,898.75 to reflect a $0 balance ("Gotland Loan Modification").

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Jackson Street Self Storage Transfer**

39.     Bjorn owns a 50% interest in Jackson Street Self Storage, LLC ("JSSS"), which owns and operates an outdoor boat and recreational vehicle storage facility at 901 Jackson Street, Benicia, California 94510.

40.     On or about January 1, 2015, Bjorn transferred his interest in JSSS to the Debtor for a total purchase price of approximately $225,000.

41.     On or about June 1, 2015, the Debtor transferred the interest in JSSS back to Bjorn for no value ("Jackson Street Transfer").

42.     At the time of the Jackson Street Transfer, the Debtor was operating at a negative income and was insolvent.

**FIRST CLAIM FOR RELIEF**
**Avoidance and Recovery of Loan Repayments as Preferential Transfers**
**Against Bjorn Ervell, Fredrik Ervell and/or Jutta Ervell, and Diane Ervell**
**[11 U.S.C. §§ 547, 550, 551]**

Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 42 above and incorporates those allegations by reference.

43.     Within one year prior to the Petition Date, the Debtor made the Loan Repayments to Bjorn, Fredrik and/or Jutta, and Diane (collectively, the "Repayment Recipients") in the following amounts: $19,457.69 to Bjorn, $35,000 to Fredrik and Jutta, and $32,990.02 to Diane.

44.     At the time of the Loan Repayments, each of the Repayment Recipients were an insider (as defined in 11 U.S.C. § 101(31)(B)), or, alternatively received each of the Loan Repayments for the benefit of an insider of the Debtor.

45.     At the time of the Loan Repayments, each of the Repayment Recipients were a creditor (as defined in 11 U.S.C. § 101(10)), or, alternatively received each of the Loan Repayments for the benefit of a creditor of the Debtor.

46.     Each of the Loan Repayments constituted a transfer of property of the Debtor.

47.     Each of the Loan Repayments were made to or for the benefit of each of the Repayment Recipients.

48.     Each of the Loan Repayments were made on account of an antecedent debt owed

1    by the Debtor to each of the Repayment Recipients before the Loan Repayments were made.

2          49.    Each of the Loan Repayments were made while the Debtor was insolvent.

3          50.    Each of the Loan Repayments enabled each of the Repayment Recipients to

4    receive more than they would have received if (i) the transfers and/or payments had not been

5    made, and (ii) each of the Repayment Recipients received payment on account of the debt paid

6    by each of the Loan Repayments to the extent provided by the Bankruptcy Code.

7          51.    As of the date of the filing of this Complaint, each of the Repayment Recipients

8    have not returned any of the Loan Repayments to Plaintiff.

9          52.    Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11

10   U.S.C. § 547, Plaintiff may recover for the benefit of the estate the property transferred or the

11   value of such property from (a) the initial transferee of such transfer or the entity for whose such

12   transfer was made or (b) any immediate or mediate transferee of such initial transferee.

13         53.    Each of the Repayment Recipients are either the (a) initial transferee of the Loan

14   Repayments, the entity for whose benefit the Loan Repayments were made, or (b) an immediate

15   or mediate transferee of the initial transferee.

16         54.    Each of the Loan Repayments were not made during the ordinary course of the

17   Debtor's business because the Debtor was operating a fraudulent scheme at the time of the Loan

18   Repayments and so its business was not ordinary.  *See Henderson v. Buchanan*, 985 F.2d 1021,

19   1025 (9th Cir. 1993); *Danning v. Bozek (In re Bullion Reserve of North America)*, 836 F.2d

20   1214, 1219 (9th Cir. 1988).

21         WHEREFORE, Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 547,

22   550 and 551 that the Loan Repayments are avoided and their value preserved for the benefit of

23   the estate.

24                              **SECOND CLAIM FOR RELIEF**
                   **Avoidance and Recovery of Salary Payments as Preferential Transfers**
25                          **Against Bjorn Ervell and Fredrik Ervell**
                                **[11 U.S.C. §§ 547, 550, 551]**
26

27         Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 54 above and

28   incorporates those allegations by reference.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

55. Within one year prior to the Petition Date, the Debtor made salary payments to Bjorn in the total amount of $127,200.

56. Within one year prior to the Petition Date, the Debtor made salary payments to Fredrik in the total amount of $58,300 (together with the payment to Bjorn, the "One Year Salary Payments").

57. At the time of the One Year Salary Payments, Bjorn and Fredrik were insiders (as defined in 11 U.S.C. § 101(31)(B)) of the Debtor.

58. At the time of the One Year Salary Payments, Bjorn and Fredrik were a creditor (as defined in 11 U.S.C. § 101(10)) of the Debtor.

59. Each of the One Year Salary Payments constituted a transfer of property of the Debtor.

60. Each of the One Year Salary Payments were made to or for the benefit of Bjorn and Fredrik, respectively.

61. Each of the One Year Salary Payments were made on account of an antecedent debt owed by the Debtor to Bjorn and Fredrik, respectively, before the One Year Salary Payments were made.

62. Each of the One Year Salary Payments were made while the Debtor was insolvent. The Debtor was insolvent since at least 2013 when the Debtor was unable to make the payments due to the i- container suppliers and began delaying the declaration of purchase options for the containers, and also operated at a net loss according to its profit/loss statements.

63. Each of the One Year Salary Payments enabled Bjorn and Fredrik, respectively, to receive more than they would have received if (i) the transfers and/or payments had not been made, and (ii) Bjorn and Fredrik received payment on account of the debt paid by each of the One Year Salary Payments to the extent provided by the Bankruptcy Code.

64. As of the date of the filing of this Complaint, Bjorn and Fredrik have not returned any of the One Year Salary Payments to Plaintiff.

65. The One Year Salary Payments were not made during the ordinary course of the Debtor's business because the Debtor was operating a fraudulent scheme at the time of the One

Year Salary Payments and so its business was not ordinary. *See Henderson v. Buchanan*, 985 F.2d 1021, 1025 (9th Cir. 1993); *Danning v. Bozek (In re Bullion Reserve of North America)*, 836 F.2d 1214, 1219 (9th Cir. 1988).

66. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

67. Bjorn and Fredrik are either the (a) initial transferee of the One Year Salary Payments or the entity for whose benefit the One Year Salary Payments were made, or (c) an immediate or mediate transferee of the initial transferee.

WHEREFORE, Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 547, 550 and 551 that the One Year Salary Payments are avoided and their value preserved for the benefit of the estate.

### THIRD CLAIM FOR RELIEF
**Avoidance and Recovery of Constructive Fraudulent Transfers**
**Against Bjorn Ervell and Fredrik Ervell**
**[11 U.S.C. §§ 544, 550, 551 and Cal. Civ. Code § 3439.04(a)(2)]**

Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 67 above and incorporates those allegations by reference.

68. The Debtor made the Salary Payments and the Jackson Street Transfer to Bjorn for his benefit, within four years before the Petition Date.

69. The Debtor made the Salary Payments to Fredrik for his benefit, within four years before the Petition Date.

70. The Salary Payments and the Jackson Street Transfer each constitute a transfer of an interest of the Debtor.

71. The Debtor received less than a reasonably equivalent value in exchange for the Salary Payments and the Jackson Street Transfer.

72. The Debtor was insolvent on the date that each of the Salary Payments and Jackson Street Transfer were made, or became insolvent as a result of each transfer, or was engaged in business or a transaction, or was about to engage in business or a transaction, for

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

which any property remaining was unreasonably small capital, or the Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

73.     Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 544, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

74.     Bjorn and Fredrik are either the (a) initial transferee of the Salary Payments, Vehicle Payments, and Jackson Street Transfer, the entity for whose benefit such transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

WHEREFORE, Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544, 550, 551 and Cal. Civ. Pro § 3439.04(a)(2) that the Salary Payments and the Jackson Street Transfer are avoided and their value preserved for the benefit of the estate.

### FOURTH CLAIM FOR RELIEF
**Avoidance and Recovery of Actual Fraudulent Transfers**
**Against Bjorn Ervell and Fredrik Ervell**
**[11 U.S.C. §§ 544, 548, 550, 551 and Cal. Civil Code § 3439.04(a)(1)]**

Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 74 above and incorporates those allegations by reference.

75.     The Debtor made the Salary Payment and the Jackson Street Transfer with actual intent to hinder, delay, or defraud creditors.

76.     The Debtor's actual intent to hinder, delay, or defraud creditors may be inferred through the presence of the following badges of fraud:

a.      The Salary Payments and the Jackson Street Transfer was to, or for the benefit of, an insider as both Bjorn and Fredrik, at all relevant times, were an officer of the Debtor;

b.      At the time of the Salary Payments and the Jackson Street Transfer, the Debtor's business was operating at a negative income;

**Gordon Rees Scully Mansukhani, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

c.      At the time of the Salary Payments and the Jackson Street Transfer, the Debtor, by and through the conduct of Bjorn and Fredrik and other employees/officers, was operating a fraudulent enterprise;

d.      The value received by the Debtor for the Salary Payments and the Jackson Street Transfer, if any, was not reasonably equivalent value; and

e.      The Debtor was insolvent at the time of, or became insolvent as a result of, the Salary Payments and the Jackson Street Transfer.

77.      Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. §§ 544 and 548, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made, or (b) any immediate or mediate transferee of such initial transferee.

78.      Bjorn and Fredrik are either the (a) initial transferee of the Salary Payments and the Jackson Street Transfer, the entity for whose benefit such transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

WHEREFORE, Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544, 548, 550 and 551, and Cal. Civ. Pro § 3439.04(a)(1), that the Salary Payments and the Jackson Street Transfer are avoided and their value preserved for the benefit of the estate.

**FIFTH CLAIM FOR RELIEF**
**Avoidance and Recovery of Constructive Fraudulent Transfers**
**Against Gotland Storage Management, Inc.**
**[11 U.S.C. §§ 544, 550, 551 and Cal. Civ. Code § 3439.04(a)(2)]**

Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 78 above and incorporates those allegations by reference.

79.      The Debtor made the Gotland Transfers and the Gotland Loan Modification to Gotland[1], or for the benefit of Gotland, within four years before the Petition Date.

80.      The Gotland Transfers and the Gotland Loan Modification each constitute a

---

[1] Plaintiff reserves the right to seek to amend this Complaint to add claims against Bjorn and Fredrik related to the Gotland Transfers, E.L. Partners Transfers and the Gotland Loan Modification after completing discovery.

transfer of an interest of the Debtor.

81. The Debtor received less than a reasonably equivalent value in exchange for the Gotland Transfers and the Gotland Loan Modification.

82. The Debtor was insolvent on the date that each of the Gotland Transfers and the Gotland Loan Modification were made, or became insolvent as a result of each transfer, or was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining was unreasonably small capital, or the Debtor intended to incur, or believed that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

83. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 544, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

84. Gotland and its agents are either the (a) initial transferee of the Gotland Transfers and the Gotland Loan Modification or the entity for whose benefit such transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

WHEREFORE, Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544, 550, 551 and Cal. Civ. Pro § 3439.04(a)(2) that the Gotland Transfers and the Gotland Loan Modification are avoided and their value preserved for the benefit of the estate.

## SIXTH CLAIM FOR RELIEF
### Avoidance and Recovery of Actual Fraudulent Transfers
### Against Gotland Storage Management, Inc.
### [11 U.S.C. §§ 544, 548, 550, 551 and Cal. Civil Code § 3439.04(a)(1)]

Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 84 above and incorporates those allegations by reference.

85. The Debtor made the Gotland Transfers to Gotland and the Gotland Loan Modification with actual intent to hinder, delay, or defraud creditors.

86. The Debtor's actual intent to hinder, delay, or defraud creditors may be inferred through the presence of the following badges of fraud:

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

a. The Gotland Transfers and the Gotland Loan Modification were to, or for the benefit of, an insider as Gotland's officers were, at all relevant times, also officers of the Debtor;

b. At the time of the Gotland Transfers and the Gotland Loan Modification, the Debtor's business was operating at a negative income;

c. At the time of the Gotland Transfers and the Gotland Loan Modification, the Debtor, by and through the conduct of Bjorn and Fredrik and other employees/officers, was operating a fraudulent enterprise;

d. The value received by the Debtor for the Gotland Transfers and the Gotland Loan Modification, if any, was not reasonably equivalent value; and

e. The Debtor was insolvent at the time of, or became insolvent as a result of, the Gotland Transfers and the Gotland Loan Modification.

87. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. §§ 544 and 548, Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made, or (b) any immediate or mediate transferee of such initial transferee.

88. Gotland and its agents are either the (a) initial transferee of the Gotland Transfers and the Gotland Loan Modification or the entity for whose benefit such transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

WHEREFORE, Plaintiff is entitled to an order and judgment under 11 U.S.C. §§ 544, 548, 550 and 551 and Cal. Civ. Pro § 3439.04(a)(1) that the Gotland Transfers and the Gotland Loan Modification are avoided and their value preserved for the benefit of the estate.

### SEVENTH CLAIM FOR RELIEF
**Turnover of Estate Property**
**[11 U.S.C. §§ 542]**

Plaintiff re-alleges the allegations set forth in Paragraphs 1 through 88 above and incorporates those allegations by reference.

89. The Debtor made the E.L. Partners Transfers to E.L. Partners, or for the benefit of

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

E.L. Partners, within four years before the Petition Date.

90.     The E.L. Partners Transfers were a loan to E.L. Partners by the Debtor.

91.     E.L. Partners has not re-paid the loan to the Debtor.

WHEREFORE, Plaintiff is entitled to an order and judgment under 11 U.S.C. § 542 for the turnover of the E.L. Partners Transfers.

## REQUEST FOR RELIEF

Plaintiff requests judgment as follows:

A.     On the First Claim for Relief, for judgment against each of the Repayment Recipients avoiding the Loan Repayments as preferential transfers pursuant to 11 U.S.C. § 547, and preserving their value for the benefit of the estate pursuant to 11 U.S.C. § 550 and 551, as follows:

1.  Judgment against Bjorn in the amount of $17,602.67;

2.  Judgment against Fredrik and Jutta in the amount of $35,000; and

3.  Judgment against Diane in the amount of $32,990.02.

B.     On the Second Claim for Relief, for judgment against Bjorn Ervell and Fredrik Ervell avoiding the One Year Salary Payments as preferential transfers pursuant to 11 U.S.C. § 547, and preserving their value for the benefit of the estate 11 U.S.C. § 550 and 551, as follows:

1.  Judgment against Bjorn in the amount of $127,200; and

2.  Judgment against Fredrik in the amount of $58,300;

C.     On the Third Claim for Relief, for judgment against Bjorn Ervell avoiding the Salary Payments to him and the value of the Jackson Street Transfer as constructive fraudulent transfers pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2), and preserving their value for the benefit of the estate pursuant to 11 U.S.C. § 550 and 551;

D.     On the Third Claim for Relief, for judgment against Fredrik Ervell avoiding the Salary Payments as constructive fraudulent transfers pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2), and preserving their value for the benefit of the estate 11 U.S.C. § 550 and 551;

E.     Alternatively to the Third Claim for Relief, on the Fourth Claim for Relief, for

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

judgment against Bjorn Ervell avoiding the Salary Payments to him and the value of the Jackson Street Transfer as actual fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and Cal. Civ. Code § 3439.04(a)(1), and preserving their value for the benefit of the estate 11 U.S.C. § 550 and 551;

F.       Alternatively to the Third Claim for Relief, on the Fourth Claim for Relief, for judgment against Fredrik Ervell avoiding the Salary Payments to him as actual fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and Cal. Civ. Code § 3439.04(a)(1), and preserving their value for the benefit of the estate 11 U.S.C. § 550 and 551;

G.       On the Fifth Claim for Relief, for judgment against Gotland Storage Management, Inc. avoiding the Gotland Transfers and the Gotland Loan Modification as constructive fraudulent transfers pursuant to 11 U.S.C. § 544 and Cal. Civ. Code § 3439.04(a)(2), and preserving their value for the benefit of the estate 11 U.S.C. § 550 and 551;

H.       Alternatively to the Fifth Claim for Relief, on the Sixth Claim for Relief, for judgment against Gotland Storage Management, Inc. avoiding the Gotland Transfers and the Gotland Loan Modification as actual fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and Cal. Civ. Code § 3439.04(a)(1), and preserving their value for the benefit of the estate 11 U.S.C. § 550 and 551;

I.       On the Seventh Claim for Relief, for judgment against E.L. Partners for turnover of the E.L. Partners Transfers in the amount of $51,000;

I.       For pre-judgment interest on any money judgment;

J.       For costs of suit; and

K.       For any other relief that the Court deems appropriate.

Dated: May 8, 2019                    GORDON REES SCULLY MANSUKHANI, LLP


By _____/s/ *Sandi M. Colabianchi*_____
        Sandi M. Colabianchi
        Miguel A. Saldaña
        Attorneys for Plaintiff Barry Milgrom,
        Trustee in Bankruptcy

# EXHIBIT A

**Exhibit A - Bjorn Ervell Loan Repayments (July 2016 - July 2017)**

| Date | Check Number | Memo/Description | Amount |
|---|---|---|---|
| 7/29/2016 | 13025 | July 2016 Interest<br>USD.10,000 / 6 M Terms Extended | 84.70 |
| 07/29/2016 | 13036 | June 2016 - July 2016 Interest<br>$100,000 / 12 M On Going / Bjorn Ervell and Diane Ervin | 1,250.00 |
| 07/29/2016 | 13036 | 03/22/2016 - 05/31/2016 Interest (70 days)<br>$100,000 / 12 M On Going / Bjorn Ervell and Diane Ervin | 1,434.43 |
| 07/29/2016 | 13035 | May 2016 - July 2016 Interest<br>$241,726.86 / 12 M On Going | 4,557.15 |
| 07/29/2016 | 13025 | July 2016 Interest<br>USD.25,000 / 6 M Terms Extended | 211.75 |
| 08/31/2016 | 13098 | August 2016 Interest<br>USD.35,000 / Ongoing 3M Notice | 296.45 |
| 09/30/2016 | 13135 | September 2016 Interest<br>USD.35,000 / Ongoing 3M Notice | 286.89 |
| 10/31/2016 | 13182 | August 2016 - October 2016 Interest<br>$241,726.86 / 12 M On Going | 4,557.15 |
| 10/31/2016 | 13181 | August 2016 - October 2016 Interest<br>$100,000 / 12 M On Going / Bjorn Ervell and Diane Ervin | 1,885.25 |
| 10/31/2016 | 13180 | October 2016 Interest<br>USD.35,000 / Ongoing 3M Notice | 296.45 |
| 11/30/2016 | 13264 | November 2016 Interest<br>USD.35,000 / Ongoing 3M Notice | 286.89 |
| 01/31/2017 | 13384 | January 2017 Interest<br>USD.35,000 / Ongoing 3M Notice | 297.26 |
| 01/31/2017 | 13384 | December 2016 Interest<br>USD.35,000 / Ongoing 3M Notice | 296.45 |
| 01/31/2017 | 13383 | December 2016 - January 2017 Interest<br>$150,363.05 / 12 M On Going | 1,962.35 |
| 01/31/2017 | 13383 | November 2016 Interest<br>$241,726.86 / 12 M On Going | 1,486.03 |
| 02/28/2017 | 13445 | February 2017 Interest<br>USD.35,000 / Ongoing 3M Notice | 268.49 |
| | | **TOTAL** | **19,457.69** |

## Exhibit A - Bjorn Ervell Salary 2014-2017

| Date | Number | Account | Amount |
|------|--------|---------|--------|
| 07/13/2017 | CJ20170704 | 5010 Salaries | 5,300.00 |
| 06/29/2017 | CJ20170607 | 5010 Salaries | 5,300.00 |
| 06/14/2017 | CJ20170603 | 5010 Salaries | 5,300.00 |
| 05/30/2017 | CJ20170510 | 5010 Salaries | 5,300.00 |
| 05/12/2017 | CJ20170503 | 5010 Salaries | 5,300.00 |
| 04/27/2017 | CJ20170411 | 5010 Salaries | 5,300.00 |
| 04/13/2017 | CJ20170403 | 5010 Salaries | 5,300.00 |
| 03/30/2017 | CJ20170312 | 5010 Salaries | 5,300.00 |
| 03/14/2017 | CJ20170303 | 5010 Salaries | 5,300.00 |
| 02/27/2017 | CJ20170209 | 5010 Salaries | 5,300.00 |
| 02/14/2017 | CJ20170204 | 5010 Salaries | 5,300.00 |
| 01/31/2017 | CJ20170111 | 5010 Salaries | 5,300.00 |
| 01/13/2017 | CJ20170105 | 5010 Salaries | 5,300.00 |
| 12/30/2016 | CJ20161210 | 5010 Salaries | 5,300.00 |
| 12/14/2016 | CJ20161205 | 5010 Salaries | 5,300.00 |
| 11/30/2016 | CJ20161111 | 5010 Salaries | 5,300.00 |
| 11/14/2016 | CJ20161106 | 5010 Salaries | 5,300.00 |
| 10/28/2016 | CJ20161011 | 5010 Salaries | 5,300.00 |
| 10/13/2016 | CJ20161006 | 5010 Salaries | 5,300.00 |
| 09/29/2016 | CJ20160914 | 5010 Salaries | 5,300.00 |
| 09/14/2016 | CJ20160909 | 5010 Salaries | 5,300.00 |
| 08/30/2016 | CJ20160812 | 5010 Salaries | 5,300.00 |
| 08/12/2016 | CJ20160804 | 5010 Salaries | 5,300.00 |
| 07/28/2016 | CJ20160711 | 5010 Salaries | 5,300.00 |
| | | **Total (Preference)** | **127,200.00** |
| **ONE YEAR BEFORE PETITION FILED ON JULY 20, 2017** | | | |
| 07/15/2016 | CJ20160702 | 5010 Salaries | 5,300.00 |
| 06/29/2016 | CJ20160611 | 5010 Salaries | 5,300.00 |
| 06/14/2016 | CJ20160604 | 5010 Salaries | 5,300.00 |
| 05/27/2016 | CJ20160515 | 5010 Salaries | 5,300.00 |
| 05/13/2016 | CJ20160507 | 5010 Salaries | 5,300.00 |
| 04/28/2016 | CJ20160409 | 5010 Salaries | 5,300.00 |
| 04/14/2016 | CJ20160404 | 5010 Salaries | 5,300.00 |
| 03/30/2016 | CJ20160314 | 5010 Salaries | 5,300.00 |
| 03/14/2016 | CJ20160307 | 5010 Salaries | 5,300.00 |
| 02/26/2016 | CJ20160209 | 5010 Salaries | 5,300.00 |
| 02/12/2016 | CJ20160202 | 5010 Salaries | 5,300.00 |
| 01/29/2016 | CJ20160114 | 5010 Salaries | 5,300.00 |
| 01/14/2016 | CJ20160105 | 5010 Salaries | 5,300.00 |
| 12/30/2015 | CJ20151216 | 5010 Salaries | 5,300.00 |
| 12/14/2015 | CJ20151204 | 5010 Salaries | 5,300.00 |
| 11/27/2015 | CJ20151114 | 5010 Salaries | 5,300.00 |

| | | | |
|---|---|---|---|
| 11/12/2015 | CJ20151104 | 5010 Salaries | 5,300.00 |
| 10/30/2015 | CJ20151014 | 5010 Salaries | 5,300.00 |
| 10/15/2015 | CJ20151004 | 5010 Salaries | 5,300.00 |
| 09/29/2015 | CJ20150910 | 5010 Salaries | 5,300.00 |
| 09/14/2015 | CJ20150902 | 5010 Salaries | 5,300.00 |
| 08/28/2015 | CJ20150814 | 5010 Salaries | 5,300.00 |
| 08/13/2015 | CJ20150804 | 5010 Salaries | 5,300.00 |
| 07/30/2015 | CJ20150714 | 5010 Salaries | 5,300.00 |
| 07/14/2015 | CJ20150705 | 5010 Salaries | 5,300.00 |
| 06/29/2015 | CJ20150608 | 5010 Salaries | 5,300.00 |
| 06/12/2015 | CJ20150603 | 5010 Salaries | 5,300.00 |
| 05/28/2015 | CJ20150511 | 5010 Salaries | 5,300.00 |
| 05/14/2015 | CJ20150506 | 5010 Salaries | 5,300.00 |
| 04/29/2015 | CJ20150409 | 5010 Salaries | 5,300.00 |
| 04/14/2015 | CJ20150403 | 5010 Salaries | 5,300.00 |
| 03/30/2015 | CJ20150313 | 5010 Salaries | 5,300.00 |
| 03/12/2015 | CJ20150304 | 5010 Salaries | 5,300.00 |
| 02/26/2015 | CJ20150210 | 5010 Salaries | 5,300.00 |
| 02/13/2015 | CJ20150204 | 5010 Salaries | 5,300.00 |
| 01/29/2015 | CJ20150105 | 5010 Salaries | 5,300.00 |
| 01/14/2015 | CJ20150102 | 5010 Salaries | 5,300.00 |
| 12/30/2014 | CJ20141215 | 5010 Salaries | 5,300.00 |
| 12/12/2014 | CJ20141209 | 5010 Salaries | 5,300.00 |
| 11/26/2014 | CJ20141114 | 5010 Salaries | 5,300.00 |
| 11/13/2014 | CJ20141103 | 5010 Salaries | 5,300.00 |
| 10/30/2014 | CJ20141013 | 5010 Salaries | 5,300.00 |
| 10/14/2014 | CJ20141007 | 5010 Salaries | 5,300.00 |
| 09/29/2014 | CJ20140914 | 5010 Salaries | 5,300.00 |
| 09/12/2014 | CJ20140908 | 5010 Salaries | 5,300.00 |
| 08/28/2014 | CJ20140810 | 5010 Salaries | 5,300.00 |
| 08/14/2014 | CJ20140805 | 5010 Salaries | 5,300.00 |
| 07/30/2014 | CJ20140719 | 5010 Salaries | 5,300.00 |
| 07/14/2014 | CJ20140706 | 5010 Salaries | 5,300.00 |
| 06/27/2014 | CJ20140615 | 5010 Salaries | 5,300.00 |
| 06/12/2014 | CJ20140607 | 5010 Salaries | 5,300.00 |
| 05/29/2014 | CJ20140516 | 5010 Salaries | 5,300.00 |
| 05/14/2014 | CJ20140506 | 5010 Salaries | 5,300.00 |
| 04/29/2014 | CJ20140413 | 5010 Salaries | 5,300.00 |
| 04/14/2014 | CJ20140407 | 5010 Salaries | 5,300.00 |
| 03/28/2014 | CJ20140308 | 5010 Salaries | 5,300.00 |
| 03/13/2014 | CJ20140304 | 5010 Salaries | 5,300.00 |
| 02/27/2014 | CJ20140217 | 5010 Salaries | 5,300.00 |
| 02/13/2014 | CJ20140210 | 5010 Salaries | 5,300.00 |
| 01/30/2014 | CJ20140114 | 5010 Salaries | 5,300.00 |
| 01/14/2014 | CJ20140106 | 5010 Salaries | 5,300.00 |
| | | **Total (Non-Preference)** | **323,300.00** |
| | | **TOTAL 2014 - 2017** | **450,500.00** |

# EXHIBIT B

**Exhibit B - Fredrik Ervell Loan Repayment**

| Date | Check Number | Memo/Description | Amount |
|------|------|------|------|
| 8/23/2016 | 13064 | Refund for temporary financing / First American Financing Funded | 35,000.00 |
| | | **TOTAL** | **35,000.00** |

**Exhibit B - Fredrik Ervell Salary 2014-2017**

| Date | Number | Account | Amount |
|------|--------|---------|--------|
| 12/30/2016 | CJ20161210 | 5010 Salaries | 5,300.00 |
| 12/14/2016 | CJ20161205 | 5010 Salaries | 5,300.00 |
| 11/30/2016 | CJ20161111 | 5010 Salaries | 5,300.00 |
| 11/14/2016 | CJ20161106 | 5010 Salaries | 5,300.00 |
| 10/28/2016 | CJ20161011 | 5010 Salaries | 5,300.00 |
| 10/13/2016 | CJ20161006 | 5010 Salaries | 5,300.00 |
| 09/29/2016 | CJ20160914 | 5010 Salaries | 5,300.00 |
| 09/14/2016 | CJ20160909 | 5010 Salaries | 5,300.00 |
| 08/30/2016 | CJ20160812 | 5010 Salaries | 5,300.00 |
| 08/12/2016 | CJ20160804 | 5010 Salaries | 5,300.00 |
| 07/28/2016 | CJ20160711 | 5010 Salaries | 5,300.00 |
| | | **Total (Preference)** | **58,300.00** |
| **ONE YEAR BEFORE PETITION FILED ON JULY 20, 2017** | | | |
| 07/15/2016 | CJ20160702 | 5010 Salaries | 5,300.00 |
| 06/29/2016 | CJ20160611 | 5010 Salaries | 5,300.00 |
| 6/14/2016 | CJ20160604 | 5010 Salaries | 5,300.00 |
| 05/27/2016 | CJ20160515 | 5010 Salaries | 5,300.00 |
| 05/13/2016 | CJ20160507 | 5010 Salaries | 5,300.00 |
| 04/28/2016 | CJ20160409 | 5010 Salaries | 5,300.00 |
| 04/14/2016 | CJ20160404 | 5010 Salaries | 5,300.00 |
| 03/30/2016 | CJ20160314 | 5010 Salaries | 5,300.00 |
| 03/14/2016 | CJ20160307 | 5010 Salaries | 5,300.00 |
| 02/26/2016 | CJ20160209 | 5010 Salaries | 5,300.00 |
| 02/12/2016 | CJ20160202 | 5010 Salaries | 5,300.00 |
| 01/29/2016 | CJ20160114 | 5010 Salaries | 5,300.00 |
| 01/14/2016 | CJ20160105 | 5010 Salaries | 5,300.00 |
| 12/30/2015 | CJ20151216 | 5010 Salaries | 5,300.00 |
| 12/14/2015 | CJ20151204 | 5010 Salaries | 5,300.00 |
| 11/27/2015 | CJ20151114 | 5010 Salaries | 5,300.00 |
| 11/12/2015 | CJ20151104 | 5010 Salaries | 5,300.00 |
| 10/30/2015 | CJ20151014 | 5010 Salaries | 5,300.00 |
| 10/15/2015 | CJ20151004 | 5010 Salaries | 5,300.00 |
| 09/29/2015 | CJ20150910 | 5010 Salaries | 5,300.00 |
| 09/14/2015 | CJ20150902 | 5010 Salaries | 5,300.00 |
| 08/28/2015 | CJ20150814 | 5010 Salaries | 5,300.00 |
| 08/13/2015 | CJ20150804 | 5010 Salaries | 5,300.00 |
| 7/30/2015 | CJ20150714 | 5010 Salaries | 5,300.00 |
| 07/14/2015 | CJ20150705 | 5010 Salaries | 5,300.00 |
| 06/29/2015 | CJ20150608 | 5010 Salaries | 5,300.00 |
| 06/12/2015 | CJ20150603 | 5010 Salaries | 5,300.00 |
| 05/28/2015 | CJ20150511 | 5010 Salaries | 5,300.00 |
| 05/14/2015 | CJ20150506 | 5010 Salaries | 5,300.00 |

| | | | |
|---|---|---|---|
| 04/29/2015 | CJ20150409 | 5010 Salaries | 5,300.00 |
| 04/14/2015 | CJ20150403 | 5010 Salaries | 5,300.00 |
| 03/30/2015 | CJ20150313 | 5010 Salaries | 5,300.00 |
| 03/12/2015 | CJ20150304 | 5010 Salaries | 5,300.00 |
| 02/26/2015 | CJ20150210 | 5010 Salaries | 5,300.00 |
| 02/13/2015 | CJ20150204 | 5010 Salaries | 5,300.00 |
| 01/29/2015 | CJ20150105 | 5010 Salaries | 5,300.00 |
| 01/14/2015 | CJ20150102 | 5010 Salaries | 5,300.00 |
| 12/30/2014 | CJ20141215 | 5010 Salaries | 5,300.00 |
| 12/12/2014 | CJ20141209 | 5010 Salaries | 5,300.00 |
| 11/26/2014 | CJ20141114 | 5010 Salaries | 5,300.00 |
| 11/13/2014 | CJ20141103 | 5010 Salaries | 5,300.00 |
| 10/30/2014 | CJ20141013 | 5010 Salaries | 5,300.00 |
| 10/14/2014 | CJ20141007 | 5010 Salaries | 5,300.00 |
| 09/29/2014 | CJ20140914 | 5010 Salaries | 5,300.00 |
| 09/12/2014 | CJ20140908 | 5010 Salaries | 5,300.00 |
| 08/28/2014 | 08/28/2014 | 5010 Salaries | 5,300.00 |
| 08/14/2014 | CJ20140805 | 5010 Salaries | 5,300.00 |
| 07/30/2014 | CJ20140719 | 5010 Salaries | 5,300.00 |
| 07/14/2014 | CJ20140706 | 5010 Salaries | 5,300.00 |
| 06/27/2014 | CJ20140615 | 5010 Salaries | 5,300.00 |
| 06/12/2014 | CJ20140607 | 5010 Salaries | 5,300.00 |
| 05/29/2014 | CJ20140516 | 5010 Salaries | 5,300.00 |
| 05/14/2014 | CJ20140506 | 5010 Salaries | 5,300.00 |
| 04/29/2014 | CJ20140413 | 5010 Salaries | 5,300.00 |
| 04/14/2014 | CJ20140407 | 5010 Salaries | 5,300.00 |
| 03/28/2014 | CJ20140308 | 5010 Salaries | 5,300.00 |
| 03/13/2014 | CJ20140304 | 5010 Salaries | 5,300.00 |
| 02/27/2014 | CJ20140217 | 5010 Salaries | 5,300.00 |
| 02/13/2014 | CJ20140210 | 5010 Salaries | 5,300.00 |
| 01/30/2014 | CJ20140114 | 5010 Salaries | 5,300.00 |
| 01/14/2014 | CJ20140106 | 5010 Salaries | 5,300.00 |
| | | **Total (Non-Preference)** | **323,300.00** |
| | | **TOTAL 2014 - 2017** | **381,600.00** |